UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| MELODY T. LEWING,  Plaintiff, | CIVIL COMPLAINT |
| v. | CASE NO. 3:18-cv-00107 |
| THE CBE GROUP, INC.,  Defendant. | JURY DEMAND |

## COMPLAINT

NOW comes MELODY T. LEWING ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of THE CBE GROUP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing at 10412 Chinaberry Drive, El Paso, Texas, which falls within the Western District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a third-party debt collection agency incorporated under the laws of the state of Iowa with its principal place of business located at 1309 Technology Parkway, Cedar Falls, Iowa. Defendant regularly collects upon consumers located in the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In approximately February 2018, Plaintiff began receiving calls to her cellular phone, (915) XXX-8158, from Defendant.

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 8158. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has used a variety of phone numbers when contacting Plaintiff's cellular phone, including but not limited to: (915) 779-9753, (915) 779-9684, (915) 779-9717, (915) 779-9683, and (915) 779-9718.

12. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its debt collection activity.

13. Upon answering calls from Defendant, Plaintiff experiences a noticeable pause, lasting approximately three to five seconds in length, before a live representative begins to speak.

14. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon an outstanding Time Warner cable bill said to be owed by Plaintiff's grandmother ("subject consumer debt").

15. Plaintiff never provided Defendant with her cellular phone number ending in 8158, so she was confused as to how Defendant obtained her phone number.

16. Due to the fact that Plaintiff does not owe on the subject consumer debt, she has demanded that Defendant stop contacting her.

17. Despite Plaintiff's demands, Defendant has continued to call Plaintiff's cellular phone up through the date of the filing of this action.

18. Defendant has also called Plaintiff's cellular phone multiple times during the same day, despite having knowledge that it was contacting the wrong individual.

19. Plaintiff has received not less than 16 phone calls from Defendant since asking it to stop calling.

20. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

21. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

22. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for a third party, emotional distress, increased risk of personal injury resulting from the distraction

caused by the repeated calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though full set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

26. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

27. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of FDCPA §1692b & c(b)**

28. The FDCPA, pursuant to 15 U.S.C. §1692b, prohibits a debt collector from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer." Additionally, under §1692b(3), a debt collector "shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information." Furthermore, under §1692c(b), "without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any

debt, with any person other than the consumer, his attorney, a consumer reporting agency…the attorney of the creditor, or the attorney of the debt collector."

29. Defendant violated §1692b, b(3), and c(b) by contacting Plaintiff on a number of occasions seeking to collect upon an alleged debt owed by Plaintiff's grandmother.  Plaintiff explicitly notified Defendant that she was not the individual it was looking for and demanded that it stop calling. At that point, Defendant had more than enough information to know that the number it was calling did not belong to the underlying debtor. Armed with this information, Defendant still continued to call Plaintiff's cellular phone multiple times without her consent.

### b. Violations of FDCPA §1692c(a)(1) and §1692d

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor. Defendant called Plaintiff at least 16 times after she demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive.  The frequency and volume of calls, including multiple calls during the same day, shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

32. Defendant was notified by Plaintiff that its calls were not welcomed.  As such, Defendant knew that its conduct was inconvenient and harassing to her.

### c. Violations of FDCPA § 1692e

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop calling. Nevertheless, Defendant called Plaintiff at least 16 times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though she was not responsible for the debt.

### d. Violations of FDCPA § 1692f

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by repeatedly calling Plaintiff over 16 times asking to speak with an individual who was not Plaintiff. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

38. As pled in paragraphs 19 through 22, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, MELODY T. LEWING, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

41. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

42. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

   a. **Violations of TDCA § 392.302**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

7

44. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 16 times after she notified it to stop calling and after having notice that Plaintiff was not the purported debtor. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. Further, the nature and volume of phone calls placed by Defendant would naturally cause an individual to feel oppressed.

WHEREFORE, Plaintiff, MELODY T. LEWING, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 30, 2018                                    Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim (Lead Attorney) | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Western District of Texas | Admitted in the Western District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |